UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

W. DAVID KIMBRELL, et al.,

    Plaintiffs,

    v.                                        CIV. NO. 09-563 RB/ACT

LORRAINE KIMBRELL, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants Alyssa Lujan ("Lujan") and Gabriella James' ("James") Motion and Memorandum Brief in Support of their Motion for Protective Order Staying Discovery until the Court Rules on Defendants' Motions to Dismiss filed October 4, 2009 [Doc. 42] and Certain Defendants' Joinder in Motion to Stay Discovery filed October 13, 2009 [Doc. 44]. Plaintiffs do not oppose this motion. The Court finds that the motions are well taken and will be granted.

Defendants Lujan and James are New Mexico Department of Children, Youth and Families employees, have moved for dismissal of the claims against them based on, *inter alia*, upon the doctrine of qualified immunity. The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). Indeed when a motion to dismiss based on qualified immunity is filed, a court

has limited discretion on the issue of a stay of discovery, and should stay discovery until the court considers and determines the motion to dismiss. *Workman*, 958 F.2d at 336.

The Court will stay this matter. If discovery were to proceed with the non-qualified immunity Defendants, as a practical matter, the qualified immunity Defendants have to participate in ongoing discovery. They would have to keep abreast of the discovery, review discovery and responses, send representatives to depositions and incur the burdens of the trial process while awaiting a resolution on the pending motions to dismiss. In addition, the court has obligations under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, to reduce the costs of litigation. By allowing any discovery to proceed, the Court would violate its obligation under the CJRA.

**IT IS THEREFORE ORDERED** that Defendants Alyssa Lujan and Gabriella James' Motion and Memorandum Brief in Support of Their Motion for Protective Order Staying Discovery until the Court Rules on Defendants' Motions to Dismiss [Doc. 42] and Certain Defendants' Joinder in Motion to Stay Discovery [Doc. 44] are granted and all discovery will be stayed pending the court's disposition of the Alyssa Lujan and Gabriella James' Motion to Dismiss.

                                                          **ALAN C. TORGERSON**
                                                          **United States Magistrate Judge**