IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

W. DAVID KIMBRELL, KOFE
KIMBRELL, and ABIGAIL KIMBRELL,

       Plaintiffs,

v.                                       No. CIV 09-0563 RB/ACT

LORRAINE KIMBRELL,
KATHRIN KINZER-ELLINGTON,
MICHAEL J. GOLDEN, SUTIN,
THAYER & BROWN, P.C., GAYLE ZIEMAN,
ALYSSA LUJAN, GABRIELLA JAMES,
and DOES 1-5,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant Lorraine Kimbrell's (Ms. Kimbrell's) Motion to Disqualify Counsel (Doc. 19), filed on August 6, 2009.  Jurisdiction arises under 28 U.S.C. § 1331.  Having considered the submissions and arguments of counsel, record, relevant law, and being otherwise fully advised, this motion is denied.

## I.  Background.

Ms. Kimbrell seeks to disqualify Mr. Gary W. Boyle from acting as counsel for Plaintiffs on the grounds that Mr. Boyle intentionally violated New Mexico Rules of Professional Conduct 16-505 (D) and 16-506 (B).  Rule 16-505 (D) restricts out-of-state counsel from practicing law in New Mexico.  *See* NMRA 16-505(D).  Since the filing of the motion, Mr. Boyle has been admitted to practice in New Mexico and the United States District Court for the District of New Mexico. Defendants acknowledge that their arguments concerning Rule 16-505 (D) are moot.  (Doc. 37.) The Court finds that this motion, insofar as it pertains to Rule 16-505 (D), is moot.

Rule 16-506 (B) prohibits a lawyer from participating in offering an agreement in which a

restriction on the lawyer's right to practice is part of the settlement of a client controversy. *See* NMRA 16-506 (B). Defendants Kathrin Kinzer-Ellington and Michael J. Golden are attorneys who represent Ms. Kimbrell in a domestic relations matter between Plaintiff W. David Kimbrell ("Mr. Kimbrell") and Ms. Kimbrell. On June 2, 2009, six days before the instant lawsuit was filed, Mr. Boyle sent a letter on behalf of Mr. Kimbrell to Mr. Golden and Ms. Kinzer-Ellington, offering to settle issues of child custody, visitation, and attorneys' fees and other financial issues in the domestic relations matter between Mr. Kimbrell and Ms. Kimbrell. (Pl. Ex. A.) The letter also referenced the yet-to-be-filed complaint for the instant action and offered to release all claims Mr. Kimbrell planned to allege in the instant matter. (Pl. Ex. A.)

In paragraph number 6 of the settlement offer, Mr. Boyle stated, in pertinent part, that Mr. Kimbrell would pay $50,000 to Mr. Golden's firm and $50,000 to Ms. Kinzer-Ellington's firm and they would have no further claim for payment of fees against Mr. Kimbrell or Ms. Kimbrell. Paragraph number 7 of the settlement offer provided "[a]ll of the professionals will immediately cease further activity in the case other than action required to gain approval of the settlement from the Court. There will be no payments from Mr. Kimbrell to the professionals other than those provided herein." (*Id.*) Ms. Kimbrell contends that Mr. Boyle should be disqualified from representing Plaintiffs in the instant action due to this statement.

## II.     Discussion.

Control of an attorney's conduct in litigation lies within the supervisory powers of the district court and, therefore, is a matter of judicial discretion. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994). "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated." *Id.* The

United States District Court for the District of New Mexico has adopted the New Mexico Rules of Professional Conduct which apply herein. *See* D.N.M.LR-Civ. 83.9.

Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. Therefore, motions to disqualify are governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights. *Cole*, 43 F.3d at 1383 (quotations and citations omitted).

Rule 16-506 (B) prohibits a lawyer from participating in offering an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy. *See* NMRA 16-506 (B). This rule is intended to prohibit a lawyer from agreeing not to represent other persons in connection with settling a claim on behalf of a client. *See* Committee Commentary to Rule 16-506 (B). Paragraph number 7 of the settlement offer did not purport to prevent Mr. Golden and Ms. Kinzer-Ellington from representing other persons. Instead, it merely sought to stop the meter from running in the domestic relations case. When read in conjunction with paragraph number 6 and the rest of the settlement offer, the statement was clearly intended to settle the disputes between Mr. Kimbrell and Ms. Kimbrell. As such, the statement violated neither Rule 16-506 (B) nor any ethical rule announced by the national profession. Indeed, the offer served the public interest in settling disputes short of litigation. Accordingly, the statement does not warrant disqualification of Mr. Boyle.

On the basis of Mr. Kimbrell's one-line request contained on the last page of his response, (Doc. 20), Rule 11 sanctions will not be awarded. *See* Fed.R.Civ. P. 11 (c)(2). If Mr. Kimbrell wants his request for Rule 11 sanctions to be considered, he may file a separate motion.

**IT IS THEREFORE ORDERED** that Defendant Lorraine Kimbrell's Motion to Disqualify

Counsel (Doc. 19), filed on August 6, 2009, is **DENIED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**