# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**W. DAVID KIMBRELL, KOFE**
**KIMBRELL, and ABIGAIL KIMBRELL,**

   **Plaintiffs,**

**v.**            **No. CIV 09-0563 RB/ACT**

**LORRAINE KIMBRELL,**
**KATHRIN KINZER-ELLINGTON,**
**MICHAEL J. GOLDEN, SUTIN,**
**THAYER & BROWN, P.C., GAYLE ZIEMAN,**
**ALYSSA LUJAN, GABRIELLA JAMES,**
**and DOES 1-5,**

   **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

   This matter came before the Court on Defendant Lorraine Kimbrell, Kathrin Kinzer-Ellington, Michael Golden, Sutin, Thayer & Brown, P.C., and Gayle Zieman's (herein "Defendants'") Motion and Memorandum to Dismiss (Doc. 21), filed on August 20, 2009. Jurisdiction arises under 28 U.S.C. §§ 1331, 1343, and 1367. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that this motion should be denied and the matter should be stayed pending conclusion of the state proceedings.

## I. Background.

   Plaintiff W. David Kimbrell ("Mr. Kimbrell") is the father of Plaintiffs Kofe Kimbrell and Abigail Kimbrell, who are minor children ("the Children"). (Doc. 18.) Mr. Kimbrell sues as the parent and next friend on behalf of the Children. (*Id*.) The Court will refer to Plaintiffs collectively as "Mr. Kimbrell." Lorraine Kimbrell ("Ms. Kimbrell") is the former spouse of Mr. Kimbrell and the Children's mother. (*See* Doc. 18.) Mr. Kimbrell sues under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 (the so-called "Federal Wiretap

Act"), 42 U.S.C. §§ 1983 and 1985, N.M. Stat. Ann. §§ 30-12-1 through 30-12-11 (herein "New Mexico Wiretap Act"), and New Mexico common law.  (Doc. 18.)

In the First Amended Complaint, Mr. Kimbrell alleges that, on September 1, 2007; October 26, 2008; November 3, 8, 9, 18, 19, 22, 23, 2008; December 3 and 5, 2008; and January 4 and 19, 2009, Ms. Kimbrell intentionally intercepted and recorded telephone communications between Mr. Kimbrell and the Children.  (Doc. 18.)  None of the Plaintiffs were aware of, or consented to, the interception and recordings.  (*Id*.)  At the time of the recordings, Mr. Kimbrell and Ms. Kimbrell were separated and Ms. Kimbrell made the recordings at her separate residence.  (*Id*.)  At the time, Mr. Kimbrell had sole legal custody of Kofe Kimbrell and joint legal custody of Abigail Kimbrell. (*Id*.)

Mr. Kimbrell alleges that Ms. Kimbrell intentionally disclosed the recordings to her attorney, Defendant Michael Golden of the law firm of Sutin, Thayer and Brown, P.C. ("Sutin"), and the Children's court-appointed guardian ad litem, Kathrin Kinzer-Ellington.  (Doc. 18.)  Ms. Kimbrell, Mr. Golden, and Ms. Kinzer-Ellington edited the recordings in a manner that misrepresented the contents thereof.  (*Id*.)  Ms. Kimbrell, Mr. Golden, and Ms. Kinzer-Ellington produced the edited recordings for use at the January-February 2009 trial in the domestic relations matter styled *Kimbrell v. Kimbrell,* and numbered DV 2006-0280, First Judicial District, State of New Mexico (herein "*Kimbrell v. Kimbrell*" or "state proceedings").  (*Id*.)

Mr. Kimbrell alleges that Ms. Kimbrell, Mr. Golden, and Ms. Kinzer-Ellington intentionally used the recordings for their pecuniary benefit by introducing them as evidence in *Kimbrell v. Kimbrell* for use by the state court in determining child custody and visitation.  (Doc. 18.)  Ms. Kinzer-Ellington relied on the recordings in preparing her report and recommendation to the state court on January 20, 2009.  (*Id*.)  At the time they used the recordings, Mr. Golden and Ms. Kinzer-

Ellington knew or had reason to know that the recordings were obtained in violation of 18 U.S.C. § 2511.  (*Id.*)

Mr. Kimbrell alleges that Mr. Golden and Ms. Kinzer-Ellington supplied the recordings to Defendant Gayle Zieman, the state-court-appointed expert on child custody.  (Doc. 18.)  Mr. Zieman intentionally used the recordings by relying on them in preparing his Fourth Family Psychological Evaluation and Recommended Parenting Plan, which was filed in *Kimbrell v. Kimbrell* on January 25, 2009.  (*Id.*)  At the time he used the recordings, Mr. Zieman knew or had reason to know that the recordings were obtained in violation of 18 U.S.C. § 2511.  (*Id.*)

Mr. Kimbrell alleges that Mr. Zieman intentionally disclosed the contents of the recordings to Defendants Alyssa Lujan, Gabriella James, and Does 1-5, who are employees or agents of the New Mexico Children, Youth and Families Department ("CYFD").[1]  (Doc. 18.)  Ms. Lujan, Ms. James, and Does 1-5 intentionally used the contents of the recordings in making a finding or reviewing a finding that an allegation of emotional abuse was substantiated.  (*Id.*)  Ms. Lujan, Ms. James, and Does 1-5 failed to act in accordance with minimal professional standards by relying on the contents of the recordings while offering sworn testimony in *Kimbrell v. Kimbrell*, by failing to professionally investigate the allegations of emotional abuse, and by fabricating certain details of their investigation related to the contents to the recordings.  (*Id.*)  At the time they used the recordings, Ms. Lujan, Ms. James, and Does 1-5 knew, or had reason to know, that the recordings were obtained in violation of 18 U.S.C. § 2511.  (*Id.*)

More specifically, in the First Amended Complaint, Mr. Kimbrell asserts the following

---

[1] On October 4, 2009, Defendants Alyssa Lujan, Gabriella James, and Does 1-5 filed a Motion to Dismiss based on, inter alia, qualified immunity.  (Doc. 41.)  On October 19, 2009, discovery was stayed.  (Doc. 47.)  On November 11, 2009, the Court granted the stipulated motion to extend time for Plaintiffs' response to fourteen days after the Court rules on the motion addressed herein.  (Doc. 50.)

claims (1) illegal interception, recording, use, and disclosure of recordings in violation of 18 U.S.C. § 2511 against Ms. Kimbrell, (2) illegal use and disclosure of recordings in violation of 18 U.S.C. § 2511 against Ms. Kinzer-Ellington, (3) illegal use and disclosure of recordings in violation of 18 U.S.C. § 2511 against Mr. Golden and Sutin, (4) illegal use and disclosure of recordings in violation of 18 U.S.C. § 2511 against Mr. Zieman, (5) illegal use and disclosure of recordings in violation of 18 U.S.C. § 2511 against Ms. Lujan, Ms. James, and Does 1-5, (6) illegal interception, use, and disclosure of recordings in violation of N.M. Stat. Ann. § 30-12-1 against Ms. Kimbrell, (7) use and disclosure of recordings in violation of N.M. Stat. Ann. § 30-12-1 against Ms. Kinzer-Ellington, (8) use and disclosure of recordings in violation of N.M. Stat. Ann. § 30-12-1 against Mr. Golden and Sutin, (9) illegal use and disclosure of recordings in violation of N.M. Stat. Ann. § 30-12-1 against Mr. Zieman, (10) use and disclosure of recordings in violation of N. M. Stat. Ann. § 30-12-1 against Ms. Lujan, Ms. James, and Does 1-5, (11) conspiracy to violate constitutional rights against Ms. Kinzer-Ellington, Mr. Golden, Sutin, and Ms. Kimbrell in violation of 42 U.S.C. § 1985, (12) conspiracy to obstruct justice against Ms. Kinzer-Ellington, Mr. Golden, Sutin, and Ms. Kimbrell in violation of 42 U.S.C. § 1985, (13) state law conspiracy against Ms. Kinzer-Ellington, Mr. Golden, Sutin, and Ms. Kimbrell, (14) deprivation of civil rights against Ms. Kinzer-Ellington, Ms. Lujan, Ms. James, Does 1-5, and Mr. Zieman in violation of 42 U.S.C. § 1983, (15) invasion of privacy against all defendants, (16) breach of fiduciary duty against Ms. Kinzer-Ellington, (17) breach of fiduciary duty against Mr. Zieman, and (18) malicious abuse of process against Ms. Kimbrell, Ms. Kinzer-Ellington, Mr. Golden, and Sutin.   (Doc. 18.)   Mr. Kimbrell seeks compensatory and punitive damages, prejudgment and post-judgment interest, and attorney fees. (*Id.*)

Defendants move to dismiss based on Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).  More specifically, with regard to Rule 12(b)(1), Defendants contend that (1) the *Rooker-Feldman* doctrine bars this action, and (2) the *Younger* abstention doctrine bars this action.  With regard to Rule 12(b)(6), Defendants assert that (1) res judicata bars this action, (2) collateral estoppel bars the wiretap and right of privacy claims, (3) the claims against Ms. Kinzer-Ellington and Mr. Zieman are barred by absolute immunity, (4) the § 1983 and § 1985(3) claims are barred by the existence of § 2511, (5) § 1985 is inapplicable, (6) the § 1985 claim fails to allege class or race-based animus, (7) Mr. Kimbrell lacks standing to sue on behalf of the Children, (8) the federal conspiracy claims (Counts 11 and 12) are vague and conclusory, (9) there is no independent basis for liability to support the civil conspiracy claim (Count 13), and (10) the claims are barred by witness/litigation privilege.  Additionally, Defendants request sanctions pursuant to Federal Rule of Civil Procedure 11, 42 U.S.C. § 1988, and 28 U.S.C. § 1927.

## II.    Standards.

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Motions filed pursuant to Rule 12(b)(1) generally entail either facial attacks on the complaint or factual attacks on the accuracy of its allegations.  *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  For a facial challenge, the district court must accept the allegations of the complaint as true.  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).  For a factual challenge, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based.  *Id.*  In such a case, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion."  *Id.*

Due to the fact that federal courts are courts of limited jurisdiction, the law imposes a presumption against federal subject matter jurisdiction.  *Marcus v. Kan. Dep't of Revenue*, 170 F.3d

1305, 1309 (10th Cir. 1999).  Mr. Kimbrell bears the burden of establishing the existence of federal jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim.  Such motions "ask whether there is 'plausibility in [the] complaint.' "  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1970 (2007)).  In order to survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Twombly*, 127 S.Ct. at 1964, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.,* 127 S. Ct. at 1965.  The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law.  *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## III.    Discussion.

### A.    The *Rooker-Feldman* doctrine is inapplicable.

The *Rooker-Feldman* doctrine[2] prevents federal courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  "The *Rooker-Feldman* doctrine is confined to cases brought after the state proceedings have ended." *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007).  Notably, the doctrine applies only where the losing party allows the time for appeal to expire, *Bear v. Patton*, 451 F.3d 639, 642

---

[2] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

(10th Cir. 2006), or the state court appeals process has run its full course. *Guttman v. Khalsa*, 446 F.3d 1027, 1031-32 (10th Cir. 2006). In this case, Mr. Kimbrell appealed the state district court's decision and his appeal remains pending. For this reason, the *Rooker-Feldman* doctrine is inapplicable at this time. Defendants may renew their arguments concerning the *Rooker-Feldman* doctrine when the state proceedings are final.

**B.**     **The *Younger* abstention doctrine[3] precludes consideration of Plaintiffs' claims.**

The *Younger* abstention doctrine holds that "federal courts should not interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings - when a state forum provides an adequate avenue for relief." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). In the absence of extraordinary circumstances, the *Younger* doctrine directs federal courts to refrain from interfering in ongoing state civil proceedings. *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996). The *Younger* doctrine "extends to federal claims for monetary relief" and typically applies whenever a federal judgment "would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

In considering whether to apply the *Younger* doctrine, the federal court "must be sensitive to the competing tension between protecting federal jurisdiction and honoring principles of Our

---

[3] *See Younger v. Harris*, 401 U.S. 37 (1971).

Federalism and comity."[4]  *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997)).   The court must bear in mind that abstention "is the exception, not the rule," and should be "rarely . . . invoked, because the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (citation and internal quotations omitted).  At the same time, *Younger* abstention is "non-discretionary . . . absent extraordinary circumstances," if its three prerequisites are satisfied.  *Amanatullah v. Colo. Bd. of Med. Exam's*, 187 F.3d 1160, 1163 (10th Cir. 1999).

*Younger* abstention applies if (1) ongoing state criminal, civil, or administrative proceedings exist, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters that traditionally look to state law for their resolution, or implicate separately articulated state policies.  *Brown*, 555 F.3d at 887 (citation omitted).

With regard to the first *Younger* condition, Mr. Kimbrell concedes that the state proceedings are ongoing, but maintains that the state proceedings are not of the type afforded *Younger* deference.  In support of this stance, Mr. Kimbrell relies on *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans ("NOPSI")*, 491 U.S. 350 (1989).  In *NOPSI*, the Court suggested that *Younger* abstention is limited to situations where the "civil proceedings" in question (1) are enforcement proceedings or (2) "involv[e] certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *NOPSI*, 491 U.S. at 368.  While fully cognizant of the

---

[4] Writing for the *Younger* Court, Justice Black captured the notion of comity in the "phrase 'Our Federalism' - a belief that 'the National Government will fare best if the states and their institutions are left free to perform their separate functions in their separate ways.' " Erwin Chemerinsky, *Federal Jurisdiction* 826 (5th ed. 2007) (quoting *Younger*, 401 U.S. at 44).

teachings of *NOPSI*, the Tenth Circuit has recognized that the considerations in play in *NOPSI* do not apply in cases involving family relations. *Morrow*, 94 F.3d at 1393 (citing *Moore v. Sims*, 442 U.S. 415, 434-35 (1979) (holding *Younger* abstention was appropriate because of the traditional area of state concern for family relations)). In that the state proceedings concern child custody, they are of the type afforded *Younger* deference. *Morrow*, 94 F.3d at 1393. Contrary to Mr. Kimbrell's assertion, the first *Younger* condition is satisfied.

As to the second *Younger* condition, Mr. Kimbrell bears the burden to establish that state procedural law prevents him from presenting his claims in the state proceedings. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999). Mr. Kimbrell has not met this burden. Undoubtedly, the state court provides an adequate forum for the claims raised in the federal complaint. "Manifestly, state courts are authorized and fully able to apply federal law in state court proceedings." *Semnani v. Anderson*, 74 F. Supp.2d 1046, 1049 (D. Utah 1999) (holding that *Younger* abstention doctrine required federal court to abstain from exercising jurisdiction over action seeking to enjoin use, in state court proceedings involving bribery allegations, of recordings allegedly obtained in violation of § 2511); *see also Haywood v. Drown*, 129 S.Ct. 2108, 2114 (2009) ("state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.").

The record demonstrates that Mr. Kimbrell has litigated the legality of the recordings in the state district court. For instance, prior to trial in the state proceedings, Mr. Kimbrell filed two motions that alleged that the recordings were illegal and violated 18 U.S.C. § 2511, N.M. Stat. Ann. §30-12-1, and "the Constitutional right to privacy." (Verified Motion for Order to Show Cause Regarding Telephone Contact, Def. Ex. B, Doc. 21-3, and Emergency Motion for Protection of Constitutional Rights, Def. Ex. C, Doc. 21-4.) Following the trial, Judge Hall denied both motions

in a written Order on Pending Motions.  (Def. Ex. D, Doc. 21-5.)

Additionally, following the trial in the state proceedings, Mr. Kimbrell asked Judge Hall to find that the recordings "violated the Constitutional right to privacy of Father and the parties' children." and cited to "NMSA 1978 § 30-12-1 and 18 U.S.C. §2511."  (Petitioner's Requested Finding of Fact and Conclusion of Law ¶ 18, Def. Ex. E, Doc. 21-6.)  It is material that these are the exact same claims as the claims he has raised herein.  Clearly, Mr. Kimbrell expressly litigated these issues in the state proceedings.

> Notably, in his Findings of Fact and Conclusions of Law, Judge Hall ruled:

> Lorraine Kimbrell did not violate the constitutional rights of David Kimbrell or the children by recording the telephone conversations between David Kimbrell and the children . . . Lorraine Kimbrell's recording of the telephone conversations between the children and David Kimbrell is permissible under the extension phone exemption of federal law (18 U.S.C. §2510(5)(a)) because 1) the interception equipment was provided by the phone company or connected to the phone line and because 2) the phone was used in the ordinary course of business.  (A parent acting out of concern for child's well-being is acting in ordinary course of business) . . . Lorraine Kimbrell had a good faith, objectively reasonable belief that the children were in danger and therefore, under federal law (18 U.S.C. §2511), she could give vicarious consent on behalf of the children for recording the telephone conversations between them and their father.

(Findings of Fact and Conclusions of Law ¶¶ 44-46, Def. Ex. A, Doc. 21-2.)

The record demonstrates that Judge Hall held that the recordings were legal under state and federal law.  After Judge Hall entered its Final Decree of Dissolution of Marriage on June 19, 2009, (Def. Ex. F, Doc. 21-7), Mr. Kimbrell filed a direct appeal with the New Mexico Court of Appeals.

In his docketing statement, Mr. Kimbrell contends, in pertinent part:

> The trial court erred by admitting into evidence, listening to, and relying upon illegally obtained tape recordings of telephone conversations between Appellant and two of the parties minor children and by admitting testimony and other evidence from expert and other witnesses who had relied on the content of the recordings . . . The trial court erred by basing its decision on the report and recommendation of the Guardian ad Litem which was fatally flawed because . . . (iii) the report and

recommendation was based in large measure on illegally obtained evidence . . . (iv) the Guardian ad Litem's use of the illegally obtained evidence as a basis for her report was, itself, illegal . . . The trial court erred by basing its decision on the report of the trial court's Rul 11-706 expert, which was fatally flawed because . . . (iv) the report was based in large measure on illegally obtained evidence . . . the expert's use of the illegally obtained evidence as a basis for his report was, itself, illegal.

(Docketing Statement, Def. Ex. G, Doc. 21-8.)

Mr. Kimbrell has litigated, and continues to litigate, the legality of the recordings before the New Mexico Court of Appeals. Not only has Mr. Kimbrell failed to show that he was prevented from presenting such claims in state court, the record amply demonstrates that he continues to fully litigate the legality of the recordings in state court.  Simply put, the second *Younger* condition is satisfied.  *J.B. ex rel. Hart v. Valdez*, 186 F.3d at 1292.

The third *Younger* condition is also satisfied.  The Tenth Circuit has underscored that the underlying comity considerations of the doctrine are particularly vital in "child custody proceedings[, which] are an especially delicate subject of state policy."  *Morrow*, 94 F.3d at 1393. The legality of the recordings is intertwined with the merits of the child custody determination, a matter that is traditionally resolved under state law that implicates important state interests.  *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.").  In that the state proceedings involve important state interests and matters that traditionally look to state law for their resolution, the third *Younger* criterion is satisfied.

All three *Younger* conditions have been met, and no extraordinary circumstances exist that would preclude application of the doctrine.[5]   Accordingly, abstention by this court is

---

[5] Extraordinary circumstances entail scenarios where (1) the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action, or (2) state law or regulation to be applied "is flagrantly and patently violative of express constitutional prohibitions."  *Trainor v. Hernandez*, 431

nondiscretionary.

      **C.**    **This matter should be stayed pending conclusion of the state proceedings.**

Where the federal claims for monetary relief would have a preclusive effect on the pending state proceeding, the federal proceedings should be stayed pending the conclusion of the state proceedings. *Deakins v. Monaghan*, 484 U.S. 193, 202-203 (1988); *D.L.*, 392 F.3d at 1228; *Meyers v. Garff*, 876 F.2d 79, 80 (10th Cir. 1989); *Parkhurst v. State of Wyo.*, 641 F.2d 775, 776-77 (10th Cir. 1981). "The rationale for Younger abstention can be satisfied, however, by just staying proceedings on the federal damages claim until the state proceeding is final." *D.L.*, 392 F.3d at 1228 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether")). This course preserves the availability of the federal forum in the event the state proceedings conclude in Mr. Kimbrell's favor.

**IV.**    **Conclusion.**

In this action, Mr. Kimbrell seeks money damages that might flow from a determination that the recordings were illegally obtained. This issue is now pending before the New Mexico Court of Appeals as part of Mr. Kimbrell's direct appeal. Thus, were this Court to rule on the claims presented herein, such ruling would necessarily implicate an issue presently before the New Mexico Court of Appeals. Therefore, Plaintiffs' claims must be stayed pending conclusion of the state proceedings.

Defendants request sanctions on the grounds that Mr. Kimbrell has misrepresented the state court record. While the Court is concerned about possible misstatements in this regard, Defendants'

---

U.S. 434, 442 n.7 (1977) (quotation omitted); *see also Morrow*, 94 F.3d at 1392. The case presents no such circumstances.

request for sanctions will be stayed as well.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion and Memorandum to Dismiss (Doc. 21), filed on August 20, 2009, is denied as premature.

**IT IS FURTHER ORDERED** that this action is stayed pending conclusion of the state proceedings.

**IT IS FURTHER ORDERED** that Defendants may renew the arguments raised in the Motion and Memorandum to Dismiss after conclusion of the state proceedings.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**